UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ELLA SHARON
on behalf of herself and
all other similarly situated consumers

                      Plaintiff,

     -against-

MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING, LLC, AND
ENCORE CAPITAL GROUP, INC.

                      Defendants.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Ella Sharon seeks redress for the illegal practices of Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a defaulted consumer debt.

4. Defendant Midland Credit Management, Inc. is an affiliate of Defendant Midland Funding, LLC and is also a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

5. Defendant Midland Credit Management, Inc. is engaged in the business of collecting or attempting to collect debts on behalf of Midland Funding, LLC as one of its principal areas of business.

6. Defendant Encore Capital Group, Inc. is the parent company of Midland Credit Management, Inc. and Midland Funding, LLC.

7. Upon information and belief, Defendants' principal place of business is located in San Diego, California.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

### *Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Ella Sharon*

11. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

12. On or about January 18, 2017, Defendant sent the Plaintiff a collection letter.

13. The said letter stated that "Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation . . . If we don't hear from you or receive payment by 03-04-2017, we may proceed with forwarding this account to an attorney."

14. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading

representation or means" to collect a debt. The FDCPA enumerates a number of categories including the following:

> (5) The threat to take any action that cannot legally be take or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15. The said letter threatened to take action against the Plaintiff if she did not pay her alleged debt, but the Defendants had no actual intention to do so.

16. The Defendants had no intention of taking such action as the letter's 03-04-2017 deadline passed by and the Defendants sent the Plaintiff a mere follow-up letter on or about February 10, 2017.

17. The Defendants' statement in the said letter of "possible litigation" and "we may proceed with forwarding this account to an attorney", constituted an empty threat of legal action in order to scare the Plaintiff into paying the alleged debt.[1]

18. The said letter's statements could be understood by the least sophisticated consumer as a threat of legal action in the event of non-payment.

19. Furthermore, the least sophisticated consumer could reasonably interpret the said language as implying that the Defendant would in fact forward the said debt to an attorney in the event of non-payment.[2]

---

[1] See Gifford v. Midland Credit Mgmt., 2011 U.S. Dist. LEXIS 88191, 2011 WL 3476803 (C.D. Cal. Aug. 8, 2011). (The Court finds that the language in the letter at issue herein is more suggestive of imminent litigation than the language considered in some of the other cases referred to by defendant.), Samples v. Midland Credit Management, Inc., No. 3: 12-cv-00099 (M.D. Tenn. July 2, 2012). (Thus, interpreting the alleged facts in the light most favorable to [Defendant], the court finds that the [Defendant's] Collection Letter could be subject to more than one reasonable interpretation, including a threat of potential legal action, which could constitute a violation of § 1692e(5), if the defendants did not actually intend to take that threatened action.), Larsen v. JBC Legal Grp., P.C., 533 Supp. 2d 290, 302 (E.D.N.Y. 2008). (citing Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993)). (This provision is designed to prevent "empty threats of litigation as a means of scaring the debtor into payment."), Jenkins v. Union Corp., 999 F. Supp. 1120 (N.D. Ill. 1998), Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006) ("[I]t would be deceptive under the FDCPA for [defendant] to assert that it could take an action that it had no intention of taking and has never or very rarely taken before.")

[2] Fuller v. Midland Credit Management, Inc., No. 11 C 5111 (N.D. Ill. Mar. 6, 2014)

20. The Defendants January 18, 2017 letter violated 15 U.S.C. §§ 1692e(5) and 1692e(10) for threatening to take legal action against the Plaintiff without actually intending to do so, and for the use of false and deceptive practices.

21. The January 18, 2017 letter further stated: "You are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations."

22. Said language is including, but not limited to, a threat to take unintended an action that is beyond letter communications.

23. Such a statement that the Defendants would report information regarding the account to credit agencies was a tactic to scare the Plaintiff and the least sophisticated consumer into paying the debt.

24. Furthermore, it is a violation of the FDCPA to include language in a letter that overshadows the required 15 U.S.C. § 1692g statement.

25. The said language overshadowed and contradicted the validation notice stated above it in the letter, and was misleading.  See McStay v. I.C. System, Inc., 308 F.3d 188, 191 (2d Cir.2002) ("Finding Plaintiff's argument that a Debt collectors threat to report the debt to the National Credit Reporting Agencies had overshadowed and contradicted the validation notice was a significant argument but declined to consider the issue since it was raised the first time on appeal.")

26. Defendants' January 18, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g, for making false and deceptive threats of credit reporting by stating false credit information which further overshadowed the Plaintiff's validation rights.

27. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendants.

28. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

29. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

30. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

31. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

32. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

33. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

34. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35. As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be

established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.*

36. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty five (35) as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of Plaintiff and the members of a class.

38. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 18, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Comenity Capital Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g, for threatening to take action that was not intended to be taken and for making false and deceptive threats of credit reporting by stating false credit information which further overshadowed the Plaintiff's validation rights.

39. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

      principal question presented by this claim is whether the Defendants violated the FDCPA.

    C.  The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

    D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

40. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

43. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 2, 2018

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW

**mcm** Midland Credit Management, Inc.
2365 Northside Drive Suite 300
San Diego, CA 92108

01-18-2017

Ella Sharon   P5T43 010

### Account Details

| | |
|---|---|
| Original Creditor | Comenity Capital Bank |
| Original Account Number | 0799 |
| Current Servicer | Midland Credit Management, Inc. |
| MCM Account Number | 51 |
| Current Owner | Midland Funding LLC |
| Current Balance | $3,676.00 |

## Call (800) 939-2353 by 03-04-2017 to Discuss Options

RE Comenity Capital Bank — Bed Bath and Beyond

Dear Ella,

Welcome! On 12-30-2016, your Comenity Capital Bank/Bed Bath and Beyond account was sold to Midland Funding LLC, which is now the sole owner of this debt. Midland Credit Management, Inc. ("MCM"), a debt collection company, will be collecting on, and servicing your account, on behalf of Midland Funding LLC.

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the validation period described on the back of this letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 03-04-2017, we may proceed with forwarding this account to an attorney.

In addition to the validation rights described on the back of this letter, here are some possible options:
- Pay your full balance of $3,676.00
- Call us to see how to qualify for discounts and payment plans.

**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. **We encourage you to call us: (800) 939-2353.**

Sincerely,

*Tim Bolin*
Tim Bolin, Division Manager

### Please Call

Get rid of this debt and get on with your life.

This account may be forwarded to an attorney in your state.

Once your account is paid:
- Collection calls will stop on this account
- Collection letters will stop on this account

**Reply By**
03-04-2017

**Call (800) 939-2353**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

midlandcreditonline.com

---

We are not obligated to renew any offers provided.

 **(800) 939-2353**    midlandcreditonline.com    Midland Credit Management, Inc
P.O. Box 60578
Los Angeles, CA 90060-0578

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

| MCM Account Number | 51 |
|---|---|
| Current Balance | $3,676.00 |
| Total Enclosed | $          . |

 **Manage Your Account Online**
midlandcreditonline.com

### Important Payment Information

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 939-2353**

se habla espanol
(855) 983-6352

Mail Payments to:
Midland Credit Management, Inc
P.O. Box 60578
Los Angeles, CA 90060-0578

RV01

## Important Disclosure Information

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Calls to and/or from this company may be monitored or recorded.

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | Comenity Capital Bank | Current Creditor | Midland Funding LLC |
| Original Account Number | 0799 | Current Servicer | Midland Credit Management, Inc. |
| Charge-Off Date | 07-29-2016 | Charge-Off Balance | $3,676.00 |

### Additional Information

| | | |
|---|---|---|
| Charge-off Amount | $3,676.00 | |
| + Post Charge-off Interest Accrued | $0.00 | Last Payment Date: 12-21-2015 |
| + Post Charge-off Fees Accrued | $0.00 | |
| Payments and Credits | $0.00 | |
| Current Balance | $3,676.00 | Date of Default: 01-31-2016 |

### Important Contact Information

| Send Payments to: | Send disputes or an instrument tendered as full satisfaction of a debt to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc<br>P.O. Box 60578<br>Los Angeles, CA 90060-0578 | Attn: Consumer Support Services<br>2365 Northside Drive Suite 300<br>San Diego, CA 92108<br>You may also call (800) 939-2353 | 80 Garden Center<br>Suite 3<br>Broomfield, CO 80020<br>Phone (303) 920-4763 |

The records associated with the Comenity Capital Bank account purchased by Midland Funding LLC, reflect that you are obligated on this account, which is in default. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid. If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment. If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within thirty (30) days after receiving this notice, you still have the remainder of the thirty (30) days to exercise the rights described above.

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

You are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**ADDITIONAL REQUIRED INITIAL DISCLOSURES AND ACCOUNT INFORMATION:**
Debt collectors are prohibited by 15 USC §1692 et seq. from engaging in abusive, deceptive and unfair collection efforts, including the use or threat of violence, the use of obscene or profane language, and repeated phone calls with the intent to annoy, abuse or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

- Supplemental Security income (SSI);
- Social Security;
- Public assistance (welfare);
- Spousal support, maintenance (alimony) or child support;
- Unemployment benefits;
- Disability benefits;
- Workers' compensation benefits;
- Public or private pensions;
- Veterans' benefits;
- Federal student loans, federal student grants, and federal work study funds; and
- Ninety percent of your wages or salary earned in the last sixty days.

VALD